UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| I.F., et al., | N.D. Cal Case No. 20-mc-80075-LB |
| Plaintiffs, | E.D. Cal. Case No. 2:18-cv-00673-JAM |
| v. | **ORDER APPROVING MINOR'S COMPROMISE** |
| CITY OF VALLEJO, et al., | |
| Defendants. | Re: ECF No. 14 |

### INTRODUCTION

This is a civil-rights and wrongful-death case arising from the death of plaintiff R.F.'s father, Ronell Foster, who was shot and killed by a Vallejo police officer in February 2018.[1] Plaintiff R.F., by and through his mother, settled R.F.'s claims following a day-long settlement conference with the undersigned.[2] After the settlement, the parties consented to the undersigned's exercise of jurisdiction for all purposes concerning the settlement.[3] Counsel for R.F. filed an unopposed

---

[1] *I.F. v. City of Vallejo*, 2:18-cv-00673-JAM-CKD (E.D. Cal.), First Am. Compl. – ECF No. 8. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Mot. to Approve Minor's Compromise – ECF No. 14 at 2. The motion to approve minor's compromise is for plaintiff R.F. only. *Id.*

[3] McMahon Consent – ECF No. 12; *I.F. v. City of Vallejo*, 2:18-cv-00673-JAM (E.D. Cal.), Stipulation and Order – ECF No. 65.

ORDER – N.D. Cal. Case No. 20-mc-80075-LB, E.D. Cal. Case No. 2:18-cv-00673-JAM

motion to approve a minor's compromise.[4] The court can decide the motion without oral argument, *see* N.D. Cal. Civ. L.R. 7-1(b), and grants the motion.

**ANALYSIS**

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). "Rule 17(c) provides, in relevant part, that a district court must appoint a guardian ad litem — or issue another appropriate order — to protect a minor or incompetent person who is unrepresented in an action." *Id.* (cleaned up). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of federal claims, district courts should "limit the scope of their review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases," and should "evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel — whose interests the district court has no special duty to safeguard." *Id.* at 1181–82 (citing *Dacanay*, 573 F.2d at 1078).

The settlement terms are as follows. The settlement amount is $5,700,000, allocated as follows: (1) $427,500 for plaintiff Paula McGowan; (2) $427,500 for plaintiff Ronell Foster Sr.; (3) $2,422,500 for plaintiff I.F.; and (4) $2,422,500 for plaintiff R.F.[5] R.F.'s portion of the settlement includes depositing (1) $294,654.51 into an interest-bearing blocked trust account at an

---

[4] Mot. to Approve Minor's Compromise – ECF No. 14; Stipulation of Non-Opposition – ECF No. 15.

[5] Mot. to Approve Minor's Compromise – ECF No. 14 at 5; *see also* Buelna Decl. – ECF No. 14-1 at 4 (¶ 12).

1    FDIC insured institution and (2) the remaining funds into a structured settlement annuity with a

2    present value cost of $1,500,000.[6]

3    The trust account provides the following payments:

> Upon funding the interest-bearing blocked trust account in the amount of $294,654.51, the financial institution will immediately disburse $7,500;
>
> $500 on December 10, 2020, December 10, 2021, and December 10, 2022 as a symbolic birthday gift to R.F. from his father;
>
> $500 on May 1, 2020, May 1, 2021, and May 1, 2022, which can be used for R.F.'s summer activities;
>
> $500 on August 1, 2021, and August 1, 2022, which can be used to pay for R.F.'s school supplies and clothing;
>
> No other disbursements will be made from the interest-blocked trust account unless ordered by the court. Any and all remaining funds in the interest-bearing blocked trust account will be made available to R.F. on his 18th birthday, which can be used to help pay for college, buy a car, house and/or start a business.[7]

The annuity provides a combination of periodic and lump payments as follows:

> $2,500 per month beginning on August 1, 2023, guaranteed for 4 years, with the last guaranteed payment on July 1, 2027, which can be used to help as a cover stipend to cover R.F.'s day-to-day living expenses (for a total of $120,000 guaranteed payout);
>
> $7,500 per month beginning on August 1, 2027, with the last guaranteed payment on December 1, 2039 (for a total of $1,117,500 guaranteed payout);
>
> $100,000 on December 21, 2026 when R.F. is 22 years old;
>
> $200,000 on December 21, 2029 when R.F. is 25 years old;
>
> $393,025.55 on December 21, 2034 when R.F. is 30 years old.[8]

---

[6] Mot. to Approve Minor's Compromise – ECF No. 14 at 5; Buelna Decl. – ECF No. 14-1 at 5 (¶ 17).

[7] Mot. to Approve Minor's Compromise – ECF No. 14 at 6–7. The initial $7,500 payment and the subsequent $500 payments will be disbursed through cashier's checks made payable to "Shena Batten for the benefit of Ronell Foster." *Id*.

[8] *Id*. at 8; Pacific Life Settlement Proposal, Ex. 1 to Buelna Decl. – ECF No. 14-2 at 2.

The defendants will arrange for the purchase of the tax-free structured settlement annuity policy from PacificLife Insurance Company.[9] The total guaranteed payout to R.F. is $2,225.180.06.[10]

R.F.'s counsel incurred a total cost of $22,220.49 on his behalf and agreed to attorney's fees of $605,625, which is 25 percent of the settlement.[11]

The settlement provides for a substantial monetary benefit to R.F., throughout his life, for his education, housing expenses, and other financial needs. In light of the benefit that the minor child has received in the litigation, and for the reasons advanced in the motion for approval, the court finds that the settlement is reasonable, and the attorney's fees and costs are reasonable and appropriate.

## CONCLUSION

The court approves the minor's compromise and orders that the settlement be implemented according to its terms (and as described above). The parties must complete all necessary documents and the defendants must fund the structured settlement annuities by November 6, 2020. The defendants will also provide a check for the unstructured $922,500 amount (consisting of the $294,654.51 for the interest-bearing blocked trust account and $627,845.49 for fees and costs) made payable to "Law Offices of John L. Burris in trust for R.F." (using his real name) to arrive at the Law Offices of John Burris no later than 30 days from this court's order.

**IT IS SO ORDERED.**

Dated: October 3, 2020

LAUREL BEELER
United States Magistrate Judge

---

[9] Mot. to Approve Minor's Compromise – ECF No. 14 at 5–6.

[10] *Id*. at 8; Buelna Decl. – ECF No. 14-1 at 4 (¶ 12).

[11] Mot. to Approve Minor's Compromise – ECF No. 14 at 8.